ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI[1]

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>LUIS RAFAEL HERNÁNDEZ RIVERA<br>Peticionario | TA2025CE00362 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.:<br>B LE2024G0166 al 0168<br><br>Sobre:<br>Ley 54 |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Comparece ante esta Curia, por derecho propio y en forma *pauperis,* el señor Luis Rafael Hernández Rivera (Peticionario). Solicita que revoquemos la *Resolución* que emitió el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI o foro primario), el 23 de julio de 2025, en la cual denegó su *Moción por derecho propio en solicitud de corrección de sentencia Regla 185 inciso (B) y Regla 192.1.*

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

### I.

Por hechos acontecidos, el 7 de junio de 2024, el Ministerio Público presentó en contra del Peticionario dos (2) denuncias bajo el Artículo 3.1 y una (1) por violación al Artículo 3.2(d) de la Ley Núm. 54-1989, Ley para la Prevención e Intervención con la Violencia

---

[1] DJ 2025-063.

Doméstica, 8 LPRA sec. 631 y 632 (maltrato y maltrato agravado, respectivamente) cometidos en contra de su expareja.

El 9 de julio de 2024, tras renunciar a la vista preliminar, el Peticionario hizo una alegación de culpabilidad. Surge del referido documento que, el Peticionario acreditó haber sido orientado por su abogado sobre sus derechos, haber comprendido la naturaleza de los delitos que se le imputan y conocer que los delitos por los cuales hizo alegación de culpabilidad acarrean una pena mínima de ocho (8) años. Además, expresó haber entendido que le corresponde al foro primario determinar cuál sentencia imponer y el modo de cumplirla.

De conformidad, el 3 de septiembre de 2024, el TPI dictó una sentencia mediante la cual condenó al Peticionario a ocho (8) años de cárcel por la comisión del maltrato agravado, concurrentes con ambas penas de tres (3) años correspondientes al maltrato.

Surge del expediente que, el 21 de julio de 2025, el Peticionario instó ante el TPI una solicitud al amparo de las Reglas 185 y 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185 y 192.1. En ella expuso que, a su entender, la pena máxima por infringir el Artículo 3.2(d) de la Ley Núm. 54-1989, *supra,* es de cinco (5) años de prisión. Bajo tal premisa, invocó el principio de favorabilidad que emana del Artículo 4 del Código Penal de 2012, 33 LPRA sec. 5004, con el propósito de que el foro primario corrija su sentencia condenatoria, tal cual lo autoriza la Regla 185, *supra.* Sustentado en lo anterior, solicitó los remedios de la Regla 192.1, *supra.* En respuesta, el TPI emitió una *Resolución,* el 23 de julio de 2025, en la cual denegó el referido petitorio.

Inconforme, el Peticionario recurre ante esta Curia mediante el recurso de epígrafe. A pesar de no haber incluido propiamente un señalamiento de error, colegimos de su recurso que, imputa al foro

primario haber incidido al denegar su petición de modificar la sentencia condenatoria y al mantener las penas impuestas.

En atención a nuestro requerimiento, la Oficina del Procurador General de Puerto Rico, en representación del Estado (Recurrido) comparece mediante su *Escrito en Cumplimiento de Resolución.* En su escrito expone que, la sentencia condenatoria que el foro primario impuso al Peticionario es conforme a derecho, sin exceder la pena fija aplicable al maltrato agravado, un delito grave de tercer grado. Para sustentar lo anterior, cita el Artículo 307 del Código Penal de 2012, 33 LPRA sec. 5415, el cual establece que la pena fija para un delito grave de tercer grado, tipificado en una ley penal especial, es de ocho (8) años. En particular, el Recurrido resalta que, al hacer su alegación de culpabilidad, el Peticionario tenía conocimiento de que enfrentaría una pena mínima de ocho (8) años. Por último, asegura que no aplica a este asunto el principio de favorabilidad invocado, debido a que la Ley Núm. 54-1989, *supra,* no ha sido enmendada para propósitos de reducir los términos de la sentencia que cumple.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023); *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020).

**B. Las Reglas 185 y 192.1 de Procedimiento Criminal**

La Regla 185 de Procedimiento Criminal, *supra*, permite a las partes presentar ante el TPI una solicitud para revisar la legalidad de la sentencia condenatoria. *Pueblo v. Vélez Torres,* 212 DPR 175, 182 (2023). El proceso provisto por esta disposición constituye el mecanismo adecuado para corregir o modificar la pena impuesta

cuando la sentencia es ilegal, tiene errores de forma, se ha impuesto un castigo distinto al que había sido establecido o cuando por razones justicieras amerita que se reduzca la pena impuesta. *Íd.*; *Pueblo v. Silva Colón*, 184 DPR 759, 774 (2012).[2] Por otro lado, el Tribunal Supremo ha puntualizado que, a través de la Regla 185 de Procedimiento Criminal, *supra*, no es posible variar o dejar sin efecto los fallos condenatorios. *Pueblo v. Silva Colón*, supra.[3] Conforme a lo anterior, la moción al amparo de la Regla 185, *supra*, puede presentarse en dos situaciones, a saber: cuando la sentencia es válida y cuando la sentencia es ilegal, nula o defectuosa. *Íd.*

Nuestra jurisprudencia interpretativa ha señalado que, una sentencia ilegal es la que se dicta sin jurisdicción o autoridad, en abierta contravención al derecho vigente. *Íd.* Véase, además, *Pueblo v. Lozano Díaz*, 88 DPR 834, 838 (1963) y E.L. Chiesa Aponte, <u>Derecho procesal penal de Puerto Rico y Estados Unidos</u>, Bogotá, Ed. Forum, 1993, Vol. III, pág. 562. Una sentencia ilegal es por consiguiente, nula e inexistente, debido a que los estatutos de penalidad son jurisdiccionales. *Pueblo v. Silva Colón, supra.* En virtud de ello, la Regla 185 de Procedimiento Criminal, *supra*, permite al tribunal corregir en cualquier momento una sentencia que adolezca de ilegalidad. *Íd.,* pág. 775.

No obstante, lo anterior, la citada Regla hace una distinción en cuanto a las sentencias legales emitidas por un tribunal. Aunque permite que sea modificada por causa justificada y en bien de la justicia, limita el término para solicitarlo a: noventa (90) días desde el día en que se dictó la misma, o dentro de sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o

---

[2] Citando a *Pueblo v. Martínez Lugo*, 150 DPR 238 (2000).

[3] Citando a *Pueblo v. Valdés Sánchez,* et al., 155 DPR 781 (2001).

desestimando la apelación, o de haberse recibido una orden denegando una solicitud de *certiorari.*

De otra parte, la Regla 192.1 de las Reglas de Procedimiento Criminal, *supra,* permite que un convicto impugne una sentencia condenatoria en su contra a pesar de que esta haya advenido final y firme. *Pueblo v. Rivera Montalvo,* supra, en la pág. 371. Por tanto, el mero hecho de que la sentencia sea final y firme no es un argumento que derrote el derecho de un convicto en la etapa posterior a la apelación a atacar colateralmente su sentencia. *Íd.* Los fundamentos para atacar una sentencia mediante este mecanismo se limitan a planteamientos de derecho. *Pueblo. v. Pérez Adorno,* 178 DPR 946, 966 (2010); *Pueblo v. Román Mártir,* 169 DPR 809, 824 (2007).

Entre los fundamentos disponibles para atacar una sentencia conforme a la aludida regla se encuentran los siguientes: "(1) la sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o (2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o (3) la sentencia impuesta excede de la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo, podrá presentar una moción a la sala del tribunal que impuso la sentencia para que anule, deje sin efecto o corrija la sentencia." Regla 192.1 de las Reglas de Procedimiento Criminal, *supra*; *Pueblo v. Rivera Montalvo,* supra, a la pág. 371.

Como se sabe, el procedimiento establecido en la Regla 192.1, *supra,* es de naturaleza civil, por lo cual, le corresponde al peticionario demostrar que tiene derecho al remedio que solicita. *Pueblo v. Román Mártir,* supra, pág. 826. Una moción fundamentada en esta regla debe presentarse ante el tribunal que dictó la sentencia impugnada. *Íd.* Además, debe incluir todos los datos y argumentos de derecho concretos en aras de persuadir al tribunal sobre la

necesidad de celebrar una vista, so pena de que los fundamentos omitidos se entiendan renunciados. *Íd.* Le corresponde al tribunal sentenciador determinar si procede anular, dejar sin efecto o corregir el dictamen emitido. *Íd.* Si el tribunal determina que la moción procede, puede discrecionalmente, "dejar sin efecto la sentencia, ordenar la excarcelación del convicto y su puesta en libertad, dictar nueva sentencia o conceder un nuevo juicio, según proceda." (Nota omitida). *Pueblo v. Román Mártir*, supra, a la pág. 824.

Sobre este tema, una vez el peticionario presenta una solicitud bajo esta regla, el foro primario "señalará prontamente la vista de dicha moción. Solo podrá denegar la solicitud sin celebrar la vista cuando la moción y los autos del caso *concluyentemente* demuestren que la persona no tiene derecho a remedio alguno. [...] Nótese que la regla no confiere discreción al tribunal para negarse a celebrar la vista, pues si de la moción y del expediente del caso no surge concluyentemente que la persona no tiene derecho al remedio que confiere la Regla, el tribunal está obligado a celebrarla." (Énfasis y comillas omitidas.) *Pueblo v. Rivera Montalvo*, supra, a la pág. 375.

### III.

En su recurso, el Peticionario imputa al foro primario haber errado al negarse a modificar su sentencia condenatoria, a pesar de presuntamente haberla impuesto en exceso de la pena dispuesta por ley. Mientras que, el Recurrido argumenta que la sentencia condenatoria fue dictada conforme a derecho.

Cabe puntualizar que, al denegar la solicitud del Peticionario al amparo de las Reglas 185 y 192.1 de Procedimiento Criminal, *supra*, el foro primario hizo constar lo siguiente:

> No existe base legal para revisar las sentencias emitidas en el caso de epígrafe. El convicto hizo alegación de culpabilidad bajo la Regla 72 de Procedimiento Criminal.

> En el presente caso las sentencias son finales y firmes.

> Este Tribunal no tiene facultad ni jurisdicción para revisar sentencias correctas y que hayan sido dictadas conforme a derecho. Las penas impuestas no exceden la pena prescrita para los delitos por los cuales el convicto hizo alegación de culpabilidad.

Tras nuestro sosegado examen del recurso de epígrafe y del expediente en su totalidad, no identificamos que el Peticionario nos haya puesto en posición de dictaminar que el TPI incurrió en error manifiesto o que actuó de forma arbitraria, caprichosa o imparcial al denegar su *Moción por derecho propio en solicitud de corrección de sentencia Regla 185 inciso (B) y Regla 192.1*, fundado en que, la sentencia condenatoria fue dictada conforme a derecho, luego de que el Peticionario hiciera una alegación de culpabilidad, y que la referida determinación advino final y firme.

Cónsono con los criterios que dispone la Regla 40 de nuestro Reglamento, *supra,* para la expedición del auto de *certiorari* y con la normativa atinente a la procedencia de los remedios al amparo de las Reglas 185 y 192.1 de Procedimiento Criminal, *supra,* optamos por abstenernos de ejercer nuestra función discrecional revisora sobre el asunto de marras.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari,* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones